Case 2:17-cv-00154-BRW   Document 1   Filed 09/06/17   Page 1 of 8

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 06 2017

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
Eastern Division

| | |
|---|---|
| DEARCI HOLIDAY, SR., <br> PLAINTIFF, <br><br> v. <br><br> SOUTHEAST MEDIATION FIRM, INC., and <br> BRIAN MILLER, individually, <br> DEFENDANTS | Case No. 2:17-cv-154-BRW <br><br> This case assigned to District Judge Wilson <br> and to Magistrate Judge Ray |

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") by Southeast Mediation ("Southeast") and Brian Miller ("Miller").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

### PARTIES

5. Plaintiff Dearcie Holiday, Sr. ("Plaintiff") is a natural person, who at all relevant times resided in Phillips County, Arkansas.

6. Southeast is a Georgia corporation with principal offices situated at 2625 Piedmont Rd., NE, Suite #223, Atlanta, GA 30324, according to its most recent filing with the California Secretary of State.

1

7. Miller is a natural person and a member and/or officer of Southeast.

## FACTUAL ALLEGATIONS

8. Plaintiffs are or were allegedly obligated on an old credit card account ("Account"). The Account was used to purchase various personal effects, but was never used for business purposes.

9. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection in approximately 2004.

10. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. The principal purpose of Southeast is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

13. Southeast regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. Southeast is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Miller actively manages Southeast and directs the policies of those companies.

16. At all times relevant hereto, Miller directed the employees and agents of the other defendants to act in the manner they acted as described below when attempting collections from Plaintiff.

17. Miller regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Miller uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Miller is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. During the one year prior to the date of the filing of this Complaint, on approximately September 28, 2016, Southeast and/or representative(s), employee(s) and/or agent(s) of Southeast used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

20. Southeast told Plaintiff that it would take assets from Plaintiff in order to pay for the past due amount on the Account. Specifically, Southeast told Plaintiff that it would take Plaintiff's automobiles as well as his daughter's automobiles.

21. Southeast demanded that Plaintiff pay $4,000 by the end of the day to avoid the asset seizure described above.

22. Southeast said the things described above for the purpose of causing Plaintiff to believe that he had been sued or immanently would be sued on the Account if it was not paid, and that Southeast had involuntary options available to it for enforcement of any judicial decision it received on the Account.

23. Southeast's conduct would cause the least sophisticated consumer to believe that he had been sued or immanently would be sued on the Account if it was not paid, and that Southeast had involuntary options available to it for enforcement of any judicial decision it received on the Account.

24. Plaintiff believed that he had been sued or immanently would be sued on the Account if it was not paid, and that Southeast had involuntary options available to it for enforcement of any judicial decision it received on the Account.

25. Southeast further provided Plaintiff with various written documents made in the appearance of legal documents. Specifically, Plaintiff was sent an "Affidavit of Intent" which included the words "Legal Abstract" above the following bullet point listing:

    - Breach of Contract
    - Unlawful Refusal [THEFT]
    - Unlawful issuance of Bad/Fraudulent Check drafts
    - Refusal to remit payment for good /services rendered

26. The document referenced above also cited specific sections of Arkansas Code Annotated and stated "THESE ARE PRIVATE CONFIDENTIAL LEGAL DOCUMENTS…"

27. The document referenced above and other documents sent to Plaintiff by Southeast were intended to cause Plaintiff to believe that Southeast was a law firm and/or that the collection of the account was a legal proceeding.

28. The document referenced above and other documents sent to Plaintiff by Southeast were intended to cause Plaintiff to believe the he had committed a crime in allegedly failing to repay the Account.

29. At the time the statements were made in the telephone communication and via the documents provided to Plaintiff, and as of the filing of this complaint, no lawsuit had been filed against Plaintiff on the account and there was no intention of doing so.

30. Further, Southeast had no intention of seizing any assets of Plaintiff's because it had not authority to do so. The threats to seize assets was a false and deceptive threat intended to scar Plaintiff into making a payment on the account.

31. The account was so old that Southeast had no enforcement collection means available to it.

32. The use of the documents was fraud and/or amounted to the unauthorized practice of law.

33. Southeast is not a law firm and employs no lawyers.

34. Southeast never informed Plaintiff of his rights to dispute the debt nor did it provide any of the other notices required by 15 U.S.C. § 1692g.

35. When speaking with Plaintiff on the phone, Southeast did not inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

36. All of the conduct by Southeast described above was done knowingly and willfully.

37. Miller instructed the employees of Southeast to act in the manner they did when attempting to collect from Plaintiff.

38. Miller knew that the conduct of Southeast toward Plaintiff was illegal, yet he instructed it or knowingly allowed it anyway.

39. Southeast's purpose for all of the communications with Plaintiff described above was to attempt to collect the Account.

40. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

41. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

42. The only reason that Southeast and/or representative(s), employee(s) and/or agent(s) of Southeast made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

43. The conduct of Southeast as described above was done knowingly and willfully and purposefully.

44. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

45. The representative(s) and/or collector(s) at Southeast were employee(s) and/or agent(s) of Southeast at all times mentioned herein.

46. The representative(s) and/or collector(s) at Southeast were acting within the course and/or scope of their employment at all times mentioned herein.

47. The representative(s) and/or collector(s) at Southeast were under the direct supervision and/or control of Southeast at all times mentioned herein.

48. The actions of the representative(s) and/or collector(s) at Southeast are imputed to their employer, Southeast.

49. Miller exerted influence and control over Southeast, via ownership, and directed Southeast and Southeast's employees and agents to act in the ways described above when Southeast attempted its collections from Plaintiff.

50. Miller is liable to Plaintiff for the violations of Southeast and Southeast's employees and agents.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SOUTHEAST MEDIATION FIRM, INC.

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. The act(s) and omission(s) of Southeast and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

53. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Southeast.

## COUNT II: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY BRIAN MILLER

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of Miller and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

56. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Miller.

## JURY TRIAL DEMAND

57. Plaintiffs are entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

58. Judgment in favor of Dearci Holiday, Sr. and against Southeast and Miller, joint and severally, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    COOK LAW FIRM, P.A.

    _____
    Jeffrey D. Wood, AR Bar No. 2006164
    14524 Cantrell Rd.
    Suite 140-PMB 208
    Little Rock, AR 72227
    Telephone: (682)651-7599
    Facsimile: (888) 598-9022
    jeff@mmlaw.pro

    and

    Harold F. Cook, AR Bar No. 99118
    8114 Cantrell Road, Suite 100
    Little Rock, AR 72227
    Telephone: (501) 255-1500
    Facsimile: (501) 255-1116
    hal@attorneyhalcook.com

    ATTORNEYS FOR PLAINTIFF